UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ITALIA MARITTIMA, S.P.A.,

    Plaintiff,

    v.

SEASIDE TRANSPORTATION SERVICES, LLC, et al.,

    Defendants.

_____/

No. C 10-0803 PJH

**ORDER DENYING MOTION TO DISMISS**

The motion of defendant Marine Terminals Corporation ("MTC") for an order dismissing the claims asserted against it in the second amended complaint ("SAC"), for failure to state a claim, came on for hearing before this court on March 30, 2011. Plaintiff Italia Marittima, S.p.A. ("Italia") appeared by its counsel Paul Gale, and MTC appeared by its counsel F. Stephen Schmid. Having read the parties' papers and carefully considered their arguments, and good cause appearing, the court hereby DENIES the motion as follows and for the reasons stated at the hearing.

First, the court finds, with one exception, that the SAC adequately states a claim against MTC for implied contractual indemnity – which, as the California Supreme Court recently held in Prince v. Pacific Gas & Electric Co., 45 Cal. 4th 1151 (2009), is simply a form of equitable indemnity. As indicated at the hearing, Italia must amend the complaint to allege facts establishing that it is a third-party beneficiary of the contract between MTC and defendant Seaside Transportation Services, LLC (Seaside).

United States District Court
For the Northern District of California

MTC also argues that the claim for implied contractual indemnity that Italia has asserted against it is time-barred under California Code of Civil Procedure § 339(1), as it is a claim based on a contract not founded upon an instrument in writing. Italia asserts, however, that the claim is based on a contract founded upon an instrument in writing, and that the applicable statute of limitations is found in California Code of Civil Procedure § 337(1). MTC's position appears to be that because a claim for equitable indemnity is not based on an express provision in the contract, it cannot be founded upon an instrument in writing. However, MTC has not cited any persuasive authority on this point.

In Prince (the case on which MTC relies) the California Supreme Court held that while courts have historically recognized three forms of indemnity – "(1) indemnity expressly provided for by contract (express indemnity); (2) indemnity implied from a contract not specifically mentioning indemnity (implied contractual indemnity); and (3) and indemnity arising from the equities of particular circumstances (traditional equitable indemnity)" – there are in fact "only two basic types of indemnity: express indemnity and equitable indemnity." Id. at 1157. This court does not interpret that holding to mean that implied contractual indemnity has disappeared, but simply that implied contractual indemnity should be viewed as a variant of equitable indemnity.

Accordingly, relying on the authority cited by Italia, the court finds, for purposes of ruling on the present motion under Federal Rule of Civil Procedure 12(b)(6), that the applicable limitations period is four years. See United States Liability Ins. Co. v. Haidinger-Hayes, Inc., 1 Cal. 3d 586, 596 (1970) (applicable limitation period for action based on negligent performance of implied obligation that is based on written contract is four-year period prescribed by CCP § 337); Nomellini Constr. Co. v. Harris, 272 Cal. App. 2d 352, 361 (1969) (applying four-year statute of limitations to claim based on implied warranties in written contract because "[t]he promise which the law implies as an element of the contract is as much a part of the instrument as if it were written out").

Finally, in addition to amending the factual allegations regarding its alleged status as third-party beneficiary of the MTC/Seaside contract, Italia shall combine the two complaints

that are presently operative into one revised third amended complaint. The third amended complaint shall be filed no later than April 29, 2011.

**IT IS SO ORDERED.**

Dated: April 1, 2011

_____
PHYLLIS J. HAMILTON
United States District Judge