UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ITALIA MARITTIMA, S.P.A.,

    Plaintiff,

    v.

SEASIDE TRANSPORTATION SERVICES, LLC, et al.,

    Defendants.
_____/

No. C 10-0803 PJH

**ORDER GRANTING MOTION TO DISMISS IN PART AND DENYING IT IN PART**

    Before the court is the motion of defendants Marine Terminals Corporation ("MTC") and Tricor Services LLC ("Tricor") to dismiss the second cause of action alleged in the fourth amended complaint by plaintiff Italia Marittima S.p.A. ("Italia"). Having read the parties' papers and carefully considered their arguments, the court hereby GRANTS the motion in part and DENIES it in part.

    The motion to dismiss the indemnity claim on the grounds that it is time-barred and that Italia is impermissibly "splitting" the cause of action is GRANTED, with leave to amend to plead separate causes of action for indemnity, one for each discrete payment of the "series of indemnity obligations" that Italia has incurred (alleging facts showing the date of payment) for which it seeks indemnity from defendants. Any claims that were paid more than four years prior to the date Italia filed the complaint in the present action (February 25, 2010) should not be included.

    The motion to dismiss based on the Italia's failure to plead facts sufficient to state that it was a third-party beneficiary of the contract between Tricor and Seaside is DENIED. California Civil Code § 1559 provides as follows: "A contract, made expressly for the

benefit of a third person, may be enforced by him at any time before the parties thereto rescind it." Persons who are only incidentally or remotely benefitted by the contract are excluded from enforcement by this section. Lucas v. Hamm, 56 Cal. 2d 583, 590 (1961).

However, it is not necessary that the contract identify or refer to the third party by name. Ailing v. Universal Mfg. Corp., 5 Cal. App. 4th 1412, 1440 (1992). It is sufficient if the third party can show that it is one of a class of persons for whose benefit the contract was made. Steve Schmidt & Co. v. Berry, 183 Cal. App. 3d 1299, 1313 (1986). Nor is it required that the contract be exclusively for the benefit of the third party. Montgomery v. Dorn, 25 Cal. App. 666, 674 (1914).

Here, the contract was intended to support the goal of providing "vessel stowage services that are . . . responsive to the needs of [Seaside] and its customers." To the extent that Italia can be considered a customer of Seaside, the vessel stowage services were being provided for the benefit of Italia. The court finds that for purposes of a Rule 12(b)(6) motion, Italia has adequately pled that it is a third-party beneficiary of the contract between Seaside and Tricor.

The fifth amended complaint shall be filed no later than October 14, 2011. In complying with this order, Italia is encouraged to amend the complaint so that the case can proceed to some resolution. Otherwise, the court envisions years of pleading wars.

The September 28, 2011 hearing date is VACATED.

**IT IS SO ORDERED.**

Dated: September 23, 2011

_____
PHYLLIS J. HAMILTON
United States District Judge