United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ITALIA MARITTIMA, S.P.A., | |
| Plaintiff, | No. C 10-0803 PJH |
| v. | **ORDER GRANTING MOTION TO DISMISS AMENDED THIRD-PARTY COMPLAINT** |
| SEASIDE TRANSPORTATION SERVICES, LLC, et al., | |
| Defendant(s). | |

The motion of Yang Ming Marine Transport Corporation ("Yang Ming") to dismiss the amended third-party complaint filed by defendant and third-party plaintiff Seaside Transportation Services, LLC ("Seaside") came on for hearing before this court on November 16, 2011.

Yang Ming appeared by its counsel James Marrissen, Seaside appeared by its counsel Dena S. Aghabeg, and plaintiff Italia Marittima, S.p.A. ("Italia") appeared by its counsel Paul L. Gale. Defendants Tricor Services, LLC ("Tricor"), and Marine Terminals Corporation ("MTC") also briefly appeared by their counsel Gary Angel.

Having read the parties' papers and carefully considered their arguments and the relevant legal authorities, and good cause appearing, the court hereby GRANTS the motion as follows.

## BACKGROUND

This is a maritime case arising out of damage allegedly resulting from the February 2004 loading of shipping containers onto the vessel M/V MED TAIPEI at the Port of

Oakland, for transport to the Port of Long Beach. Yang Ming, the owner of the M/V MED TAIPEI, had previously time-chartered the vessel to Italia, pursuant to an amended "BOXTIME" Charterparty dated February 27, 2003 ("the Charterparty").

The M/V MED TAIPEI encountered heavy seas and winds on the voyage to Long Beach, and some of the containers that had been loaded at the Port of Oakland came untethered and slid off the vessel into the Pacific Ocean. At least one container came to rest on a portion of the ocean floor that lies within the boundaries of the Monterey Bay National Marine Sanctuary. This occasioned a claim against Yang Ming and Italia by the U.S. National Oceanographic and Atmospheric Administration, which claim was eventually jointly settled for several million dollars.

Italia filed the present action on February 25, 2010, asserting that it had suffered damages resulting from inadequate stevedoring services, including services relating to stowage planning and the loading and securing of containers on the M/V MED TAIPEI. Italia alleges that it contracted with Seaside to perform the stevedoring services, and that MTC and Tricor performed the actual stevedoring and stowage planning, respectively.

In response to Italia's claims, Seaside cross-claimed against MTC and Tricor, and also filed a third-party complaint against Yang Ming. The court has granted numerous motions to dismiss various iterations of Italia's complaint, and there is currently pending a motion by Seaside to dismiss the fifth amended complaint.

Seaside filed a third-party complaint against Yang Ming and MTC in October 2010, and filed the amended third-party complaint ("ATPC") on July 21, 2011, against Yang Ming only. Seaside alleges that it is a third-party beneficiary of the Charterparty between Yang Ming and Italia, and is therefore entitled to all benefits, including any duties owed by Yang Ming, and/or for indemnity/contribution under the Charterparty, in connection with damage sustained to cargoes aboard the M/V MED TAIPEI.

Seaside asserts causes of action for breach of contract, negligence/ indemnity, contribution, and declaratory relief. Seaside claims that Yang Ming failed to maintain the M/V MED TAIPEI in a seaworthy condition fit for transport of containers on the high seas,

and that this entitles Seaside as a third-party beneficiary of the Charterparty to recover from Yang Ming any amount that Seaside might be held liable to pay Italia.

Seaside also alleges that the M/V MED TAIPEI was in unseaworthy condition and was improperly maintained, including having a deteriorated lashing system which contributed to the losses asserted in this case; that Yang Ming imposed improper requirements with regard to stevedoring operations; and that the crew of the M/V MED TAIPEI also bore responsibility for the damage (by failing to ensure that the containers were properly secured, and by proceeding ahead during heavy weather, despite having been notified of the weather conditions).

In the present motion, Yang Ming seeks an order dismissing the ATPC for improper forum, or, in the alternative, staying all further proceedings as to Yang Ming on the ground that venue is not proper before this court.[1]

**DISCUSSION**

A.  Legal Standard

A motion to enforce a forum selection clause is treated as a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(3). Doe 1 v. AOL, LLC, 552 F.3d 1077, 1081 (9th Cir. 2009); Argueta v. Banco Mexicano, S.A., 87 F.3d 320, 324 (9th Cir. 1996). Under a Rule 12(b)(3) motion, "the pleadings are not accepted as true as would be required under a Rule 12(b)(6) analysis" and the Court may consider facts outside the pleadings. AOL, 552 F.3d at 1081; Argueta, 87 F.3d at 324.

"[I]n the context of a Rule 12(b)(3) motion based upon a forum selection clause, the trial court must draw all reasonable inferences in favor of the non-moving party and resolve all factual conflicts in favor of the non-moving party . . . . " Murphy v. Schneider Nat'l, Inc., 362 F.3d 1133, 1138 (9th Cir. 2004). Should the motion be granted, the court may dismiss, or in the interests of justice, transfer the case to a forum where venue is proper. 28 U.S.C.

---

[1] Yang Ming also sought dismissal to the extent Seaside was invoking Federal Rule of Civil Procedure 14(c). At the hearing, Seaside agreed that any claim based on Rule 14(c) should be dismissed.

3

§ 1406(a).

The interpretation and enforcement of forum selection clauses is governed by federal law. Manetti-Farrow, Inc., v. Gucci Am., Inc., 858 F.2d 509, 513 (9th Cir. 1988). A forum selection clause is "'prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances.'" Pelleport Investors, Inc. v. Budco Quality Theatres, Inc., 741 F.2d 273, 279 (quoting M/S BREMEN v. Zapata Off-Shore Co., 407 U.S. 1, 10 (1972)).

Invalidating such a clause is difficult. "The party challenging the clause bears 'a heavy burden of proof' and must clearly show" that enforcement would be unreasonable and unjust for one of the three reasons set out in BREMEN – (a) that the inclusion of the clause in the agreement was the product of fraud or overreaching; (b) that the party wishing to repudiate the clause would effectively be deprived of his day in court were the clause enforced; or (c) that enforcement would contravene a strong public policy of the forum in which suit is brought. See Murphy v. Schneider Nat'l Inc., 362 F.3d 1133, 1140 (9th Cir. 2004) (quoting BREMEN, 407 U.S. at 12-13, 15, 18).

B.  Yang Ming's Motion

Yang Ming contends that the ATPC should be dismissed for improper forum because, pursuant to Rider Clause 80 of the Charterparty, for which Seaside claims to be a third-party beneficiary, all disputes are to be referred to arbitration in London, UK. Thus, Yang Ming asserts, venue is not proper in this court.

Rider Clause 80 provides, in part, as follows:

> This contract shall be governed by and construed in accordance with English law and any dispute arising out of or in connection with this Contract shall be referred to arbitration in London in accordance with the Arbitration Act 1996 or any statutory modification or re-enactment thereof save to the extent necessary to give effect to the provisions of this Clause.
>
> The arbitration shall be conducted in accordance with London Maritime Arbitrators Association (LMAA) Terms current at the time when the arbitration proceedings are commenced . . . .

Yang Ming asserts that Seaside is bound by the forum selection clause because it alleges that it is a beneficiary under the Charterparty, and contends that Seaside's rights as

4

a third-party beneficiary are subject to any defenses that Yang Ming may raise under the terms of the Charterparty. Yang Ming argues that United States maritime law requires that the mandatory arbitration provision and forum selection clause be enforced, and that given that a dispute has arisen between Seaside and Yang Ming under the Charterparty, Seaside is required pursuant to Rider Clause 80 to refer any claims it may have against Yang Ming to arbitration in London.

To overcome enforcement of the forum selection clause in the Charterparty, Seaside must show that it would be far more inconvenient for it to proceed to arbitration in London than it would to litigate in California, and that an arbitration in London would be "so manifestly and gravely inconvenient to [Seaside] that [it] will effectively be deprived of a meaningful day in court." BREMEN, 407 U.S. at 19; see also Carnival Cruise Lines, Inc. v. Shute, 499 U.S. 585, 591 (1991).

Yang Ming contends that Seaside cannot meet this burden. Yang Ming asserts that because Seaside's claim is that Yang Ming failed to maintain the Vessel, pursuant to its obligations under the Charterparty, there is no direct factual connection to California and it would not be "far more inconvenient" for Seaside to arbitrate in London than litigate in California. Indeed, Yang Ming notes, Italia and Yang Ming are already involved in arbitration in London. Nor, Yang Ming asserts, can Seaside show that arbitration in London would deprive it of its "meaningful day in court," as its rights will be fully protected under English law.

In opposition, Seaside argues that the court should deny Yang Ming's motion for two reasons. First, Seaside contends that the negligence and indemnity claims alleged in the ATPC are independent of Seaside's status as a third-party beneficiary, since indemnity principles under general maritime law provide a separate basis for recovery by Seaside from Yang Ming for any damages it may be held liable to pay Italia in this action. Thus, Seaside asserts, its negligence/indemnity claims would not in any event be subject to arbitration in London pursuant to the Charterparty.

Seaside argues that Yang Ming's motion to dismiss focuses solely on the contractual

claim, in which Seaside alleges that it is a third-party beneficiary under the Charterparty. Seaside argues, however, that the allegations in the ATPC are "heavily based" on the fundamental indemnity rights of Seaside against Yang Ming under general maritime law for damages caused by Yang Ming's negligent acts and/or omissions as the owner of the Vessel.

Seaside asserts that these indemnity rights based on Yang Ming's actions as a third-party tortfeasor are independent of any rights by Seaside as a third-party beneficiary under the Charterparty, and that it is therefore entitled to assert those tort claims against Yang Ming in this forum, where Italia has asserted its claims against Seaside. Moreover, Seaside argues, the negligence/indemnity claims are not even arbitrable under the Charterparty, since there was no agreement by the parties to do so, and the negligence/indemnity claims can be resolved without reference to the Charterparty.

In its second main argument, Seaside asserts that enforcement of the arbitration provision even as to Seaside's breach of contract claim would be unreasonable and unjust, because Seaside would not be accepted as a third-party beneficiary under the Charterparty under English law, and would therefore be deprived of its day in court with regard to its claims against Yang Ming. Thus, Seaside argues that there is a compelling and countervailing reason <u>not</u> to enforce the London arbitration clause against it, and that Yang Ming's motion should be denied.

The court agrees with Yang Ming that the forum selection clause must be enforced, and that Seaside's claims for breach of contract and negligence (to the extent that Seaside is alleging a separate claim for negligence) are arbitrable because they are sufficiently connected to the Charterparty and are specifically contemplated by the Charterparty, of which Seaside claims to be a third-party beneficiary. The court finds that the arbitration provision, which states that "any dispute arising out of or in connection with this contract shall be referred to arbitration," is sufficiently broad to encompass both the contract and the negligence claims, whether under English or federal law.

Under the Supreme Court's decision in <u>BREMEN</u>, a forum-selection clause is

presumptively valid, and must be enforced unless enforcement is shown to be unreasonable under the circumstances. BREMEN, 407 U.S. at 11. Seaside has failed to show that enforcement of the forum selection clause would be unfair or unreasonable, as it has not established that arbitration in London would be far more inconvenient for Seaside than litigation in Oakland would be for Yang Ming. Instead, Seaside argues only that it will be deprived of its day in court due to the likelihood that it will not be recognized as a legitimate third-party beneficiary to the Charterparty under English law. The court finds, however, that the question of Seaside's status as a third-party beneficiary under English law has no bearing on the determination whether this court should enforce the forum selection clause.

Nevertheless, the court also finds that the indemnification and contribution causes of action must be dismissed as unripe. In general, a claim for indemnification or contribution accrues when the indemnitee or party seeking contribution suffers a loss through payment of more than his fair share of damages. See Sea-Land Serv., Inc. v. U.S., 874 F.2d 169, 171-72 (3rd Cir. 1989) (noting general rule that cause of action for contribution does not arise until party seeking contribution has paid, or had a judgment rendered against him or her for, more than his or her fair share of a common liability).

A similar rule applies in maritime cases. Bradford v. Indiana & Michigan Elec. Co., 588 F.Supp 708, 714 (S.D.W.Va 1984) (right of action for indemnity arises at time of payment or settlement by one secondarily liable, and right of contribution arises at time of payment in excess of plaintiff's proportionate share); c.f. C.T. Shipping, Ltd. v. DMI (U.S.A.) Ltd., 774 F.Supp. 146, 150 (S.D.N.Y. 1991) (maritime claim for indemnity accrues as soon as indemnitee's liability is determined).

Here, Seaside alleges that "Yang Ming is obligated to indemnify and hold harmless [Seaside] from and against any and all liability of [Seaside] to [p]laintiff, if such is found to exist," ATPC ¶ 17; and that "in the event [Seaside] is held liable to [p]laintiff, [Seaside] is entitled to a contribution from Yang Ming," ATPC ¶ 19. Thus, both the claim for indemnification and the claim for contribution are based on possible future events, not on

any judgment that has been entered against Seaside and which Seaside has paid, or even on any finding of liability as to Seaside. If Seaside is ultimately found to be liable to Italia, Seaside may at that point attempt to recover from Yang Ming. (The court takes no position as to the merits of such future claims.)

## CONCLUSION

In accordance with the foregoing, the court finds that Yang Ming's motion to dismiss the breach of contract and negligence claims asserted in the amended third-party complaint must be GRANTED. The causes of action for indemnification and contribution are dismissed as unripe, as is the cause of action for declaratory relief, to the extent it seeks a judicial declaration as to Seaside's right to indemnification and/or contribution from Yang Ming.

**IT IS SO ORDERED.**

Dated: December 12, 2011

PHYLLIS J. HAMILTON
United States District Judge